### *In re* DE BAUM'S WILL.

*(Surrogate's Court, New York County.* January 9, 1889.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

> Code Civil Proc. N. Y. § 829, providing that a party interested in the event of a special proceeding shall not be examined as a witness on his own behalf against the executor, etc., of a deceased person, or a person deriving title through the deceased person, concerning a personal transaction or communication between the witness and the deceased person, does not render the contestant of a will, who is the next of kin of testator, incompetent to testify in his own behalf, to a conversation had since testator's death with the residuary legatee, who was the proponent of the will, but who has died pending the contest, which is still carried on between the contestant and the personal representatives of said legatee.

The will of Haussman De Baum was offered by his wife for probate, and contested by his sons. Pending the contest the wife died, and the contest was carried on by her personal representative.

*George R. Chase,* for petitioner. *Fullerton & Rushmore,* for contestant. *James D. Fessenden,* for Charles De Baum, a person of unsound mind.

RANSOM, S. In this proceeding the decedent and his wife, on the same day, made wills, by which, after giving small bequests to two sons of the decedent by his first wife, gave to the other the residue of the property of each. The husband died, and objections were filed in behalf of the two sons. Pending the contest the wife died. The probate of the instrument is sought in behalf of her legal representatives. Contestant's counsel offered to prove a conver-

sation between the contestant and the decedent's wife after the decedent's death. This was objected to as incompetent under section 829 of the Code of Civil Procedure. Eliminating the words having no application to the question raised, the section reads: "Upon the  *  *  *  hearing upon the merits of a special proceeding, a party or person interested in the event  *  *  * shall not be examined as a witness on his own behalf  *  *  *  against the executor, administrator, or survivor of a deceased person,  *  *  *  or a person deriving his title from, through, or under the deceased person  *  *  * by assignment or otherwise, concerning a personal transaction or a communication between the witness and the deceased person."

By the objection interposed proponent's counsel seeks to make the words "deceased person," last used, apply to a deceased person other than the one whose estate is in controversy in this proceeding. I find no warrant for such an interpretation of the language of the statute. To hold that the words "deceased person," three times used in the same sentence, can be made in the two instances to apply to the person whose estate is involved in the proceeding, and in the third instance to another deceased person, is to make a strained application of the statute, for which there is not authority in the adjudications. The cases cited by the proponent's counsel refer to personal communications and transactions with the deceased person, the disposition of whose property is involved. In the vast number of decisions in which the involved language of the section is applied to particular cases, I find none which recognizes that it shall be so expanded as to include communications or transactions with another deceased person, the extent of whose interest in the estate involved is under dispute. No case has been cited, nor do I find any, in which the facts are in precise analogy to those now presented; but in *Lobdell* v. *Lobdell*, 36 N. Y. 357, the court says: "It will not suffice to say that the case is within the spirit of the enactment unless a fair construction of the language used will bring it within the enactment itself. The legislature having undertaken to specify the exceptions, the courts cannot allow any that are not specified by the legislature." Neither the letter nor the spirit of the statute justifies the extension of the rule laid down to include communications with a deceased person whose legal representative may, if the will is sustained, take the largest beneficial interest under it. The objection is overruled.